IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-00579-BO

TACHO M. SANDOVAL,  )
an individual,  )
  )
            Plaintiff,  )
  )
vs.  )
  )
JOHN DOE No. 1, a/k/a "Fullest_Disclosure",  )
an individual;  )
JOHN DOE No. 2, a/k/a "MoMoneyRules",  )
an individual; and  )
JOHN DOE No. 3, a/k/a "Cartman_3_16",  )
an individual,  )
  )
            Defendants.  )
  )

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY

Pursuant to Fed. R. Civ. Proc. 16(b), 26(b), 26(f), 45, and Local Civil Rule 26.1(e)(2), Plaintiff **TACHO M. SANDOVAL** submits this Memorandum in Support of his Motion for Leave to Conduct Early Discovery and states as follows:

### I. INTRODUCTION

Plaintiff Sandoval's Complaint, ECF No.1, asserts claims for Defamation *Per Se* against three (3) anonymous Doe Defendants (collectively, the "**Doe Defendants**"), who each published false and defamatory statements about Mr. Sandoval and his business on an internet message board called Investorshub.com ("iHub"). The Complaint alleges that each of the posters defamed Mr. Sandoval *per se*, by posting messages that falsely assert, *inter alia*, that Mr. Sandoval was

1

committing securities fraud through a "pump and dump" stock scheme involving Clean Coal Technologies, Inc. ("CCTC" or "CCTI"), a company in which Mr. Sandoval is an investor. Mr. Sandoval is unable to identify the true identities of the anonymous posters and seeks leave from the Court to conduct early discovery about their identities and other relevant information about them. Mr. Sandoval has attached a proposed *subpoena duces tecum* to iHub as **Exhibit A**, and to Verizon Communications (Yahoo), as **Exhibit B**.

While the First Amendment protects the right to speak anonymously, it does not permit one to bring disrepute on another's livelihood, anonymously or otherwise. The speech at issue here is commercial speech, which is subject to a "limited measure of protection" under the First Amendment. *See generally Taylor v. John Does 1-10*, 4:13-CV-218-F, 2014 WL 1870733, at *3 (E.D.N.C. May 8, 2014), *citing and discussing Lefkoe v. Jos. A. Bank Clothiers, Inc.*, 577 F.3d 240 (4th Cir.2009) (affirming order to produce anonymous nonparty witness for deposition).

Although the Fourth Circuit has not addressed the appropriate legal standard for discovery of anonymous speakers, at least two federal district courts in North Carolina have permitted early discovery in Doe defendant cases. *See e.g.* **Exhibit G**, *Taylor v. John Does 1-10*, No. 4:13-CV-218-F (E.D.N.C. Aug. 28, 2014) (granting leave to conduct early discovery);[1] *Alvis Coatings, Inc. v. John Does 1--10*, 3L04 CV 374-H, 2004 WL 2904405, at *1 (W.D.N.C. Dec. 2, 2004) (noting prior ruling granting leave to conduct early discovery to identify anonymous online posters).

In *Taylor*, the Court granted leave to conduct early discovery when the plaintiff demonstrated

---

[1] The *Taylor* Court initially denied the plaintiff's motion for leave to conduct early discovery without prejudice, but provided a detailed analysis of the applicable standard of law. *Taylor*, 2014 WL 1870733 at *2-*3. Plaintiff renewed his motion in compliance with the standards articulated by the Court and on August 28, 2014, the Court granted Plaintiff leave to conduct early discovery.

2

that at least one of his claims would survive a hypothetical motion to dismiss and that he had provided notice of his action to the Doe defendants in an effort to provide them an opportunity to oppose disclosure *See Taylor,* **Exhibit G;** *Taylor*, 2014 WL 1870733, at *3 (setting forth standard to obtain early discovery of anonymous internet poster's identity); *Alvis Coatings, Inc.*, 2004 WL 2904405, at *1 (granting motion to compel anonymous internet poster's identity based upon *prima facie* showing that the anonymous individual's conduct was unlawful).

As discussed further below, the anonymous John Doe Defendants have falsely accused Mr. Sandoval of illegal behavior — "pumping and dumping" CCTC shares — and his claims for defamation would survive a hypothetical motion to dismiss. Mr. Sandoval has also published notices on iHub inviting the anonymous John Doe posters to participate in this proceeding.

## II. STANDARD OF REVIEW

### A. Standard of Review Under Rule 12(b)(6)

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. The Elements of a Claim for Defamation *Per Se*

Under North Carolina law, the elements of defamation *per se* are: (1) defendant spoke base or defamatory words which tended to prejudice him in his reputation, office, trade, business or means of livelihood or hold him up to disgrace, ridicule or contempt; (2) the statement was false; and (3) the statement was published or communicated to and understood by a third person. *West v. King's Dep't Store, Inc.*, 321 N.C. 698, 703, 365 S.E.2d 621, 624 (1988); *Renwick v. News & Observer*

3

*Publ'g Co.*, 310 N.C. 312, 316-19, 312 S.E.2d 405, 408-10 (1984).

### III. LEGAL ARGUMENT

**A. Plaintiff Satisfies the First *Taylor* Prong by Demonstrating that His Claims Would Survive a Hypothetical Motion to Dismiss.**

The Complaint satisfies all the required elements for claims of defamation *per se* because it alleges: a) that each of the Doe Defendants knowingly or recklessly published the statements at issue to third parties by posting the statements on iHub, Complaint at ¶¶ 14, 19, 45, 47, 57, 67, b) that Mr. Sandoval is a businessman and investor in CCTC, Complaint at ¶ 11, and c) that each of the Doe Defendants' derogatory statements put Mr. Sandoval's buisness and character into disrepute.[2] *Renwick*, 310 N.C. at 408-409. *See* Complaint at ¶¶ 14, 19, 21, 23, 29, 35, 39, 43. Each of the postings asserts statements intended to be taken as fact, not opinion, and further constitute commercial speech because they pertains solely to the economic interests of the speaker and its audience. *See Lefkoe*, 577 F.3d at 245; *Desmond v. News & Observer Pub. Co.*, 241 N.C. App. 10, 16 (2015) (defamatory statement must be one of fact, not opinion).

*1. **The Complaint properly alleges defamation per se against Fullest_Disclosure**.*

The Complaint specifically identifies postings by Fullest_Disclosure wherein he or she asserts that a) Mr. Sandoval has committed securities fraud by engaging in "stock manipulations" such as purchasing shares in CCTC for 30 cents per share then holding back the reporting of those purchases, Comp. at ¶¶ 16, 20, b) that Mr. Sandoval "was suspended by the SEC for SEC Trading Violations Fraud etc." and "sanctioned by the SEC" / "was charged and sanctioned (trading licenses

---

[2] Mr. Sandoval also has reason to believe that the posters themselves hold monetary interests in CCTC and other competing entities such that they would benefit from a decrease in the share price of CCTC that their disparaging comments could engender.

suspended) from trading after breaking SEC Securities Laws," *id.* at ¶¶ 17, 24, 25, and c) that Mr. Sandoval "dumped 3m shares" and participated in a "pump and dump" scheme with CCTC, *id.* at ¶¶ 21, 24. The actual numbers the poster puts forth are false, but the title of Fullest_Disclosure's first post – "#'s R Not Opinions!" – indicates that the post is being held out as factually true and not opinion.

The Complaint alleges that each of the foregoing statements is false because **a)** Mr. Sandoval has never committed securities fraud and never engaged in "stock manipulations" with the management of CCTC or with anyone else, *id.* at ¶¶ 15, 24; **b)** Mr. Sandoval never purchased shares of CCTC for 30 cents per share, and never sold 3 million shares of CCTC, *id.* at ¶¶ 16, 20, 22, and **c)** Mr. Sandoval has never been sanctioned, investigated or charged by, or entered any form of plea or consent order with, the SEC for any crime or misconduct including fraud or any trading violation, *id.* at ¶¶ 16, 24, 26. Thus, Fullest_Disclosure's postings stating that Mr. Sandoval has committed and is committing various forms of securities fraud and has been sanctioned by the SEC for said securities fraud are false and defamatory.

### 2. *The Complaint properly alleges defamation per se against MoMoneyRules.*

The Complaint specifically identifies defamatory *per se* postings published by MoMoneyRules. *Id.* at ¶¶ 29, 35, 39. In one such posting, MoMoneyRules provides a hyperlink to a published Court opinion pertaining to Mr. Sandoval, while simultaneously putting forth a false and misleading description of the findings purportedly contained in that order. *See id.* at ¶¶ 29-34. The Order MoMoneyRules purports to be describing dismissed claims against Mr. Sandoval, with prejudice. But MoMoneyRules falsely asserts that the Court found that "Sandoval Manipulated

5

CCTS Stock."³ *See id.* at ¶ 32. The post repeats the allegations described in the Order as though they were the findings of the Court, *i.e.*, as though they were true, when in reality, the Court itself was merely repeating – and *assuming for purposes of deciding the motion* – the allegations to be true. *Id.* at ¶ 33. MoMoneyRules's summary and post thus provides a completely different impression of what the Court actually held than is contained in or derived from the Court's Order. MoMoneyRules further falsely asserts that Mr. Sandoval "has a documented history of SEC Violations with settlements going back almost 2 decades," when in reality, Mr. Sandoval has no settlements with the SEC for any form or type of securities violation. *Id.* at ¶ 34.

While the post may pertain to a matter of public interest, the post is not entitled to the "conditional or qualified privilege which protects 'publication of matters of public interest.'" *LaComb v. Jacksonville Daily News Co.*, 142 N.C. App. 511, 512 (2001). The qualified privilege will not apply unless the summary of the proceeding is substantially accurate, fair, and complete. *Desmond v. News & Observer Pub. Co.*, 241 N.C. App. 10, 25-26 (2015) (reader must be left with "a substantially correct account of the proceedings").

Here, despite the fact that Court made no findings and dismissed the claims against Mr.

---

³ It is worth noting that the case from which the Order is drawn, *Two Rivers Entities, LLC v Sandoval*, was itself a direct result of similar false and defamatory assertions made against Mr. Sandoval by one of the same John Doe Defendants sued in this action, *i.e.*, Fullest_Disclosure. *See* Complaint at ¶ 31, and Ex. J to Complaint, *Two Rivers Entities, LLC v Sandoval*, 2020 NY Slip Op 32252 U, Doc. # 656906/2019 (N.Y. Sup. Ct.) (Order dismissing complaint with prejudice), *appeal pending*, No. 2020-03167 (N.Y. App. Div.). Indeed, the Plaintiff in the *Two Rivers Entities* case expressly relied upon Fullest_Disclosure's postings accusing Mr. Sandoval of securities fraud in connection with CCTC, as though they were truthful assertions of fact, and attached them to its his Complaint. The New York Supreme Court ultimately dismissed all claims against Mr. Sandoval, with prejudice, at the motion to dismiss stage. The *Two Rivers Entities* case confirms that the postings of each of the Doe Defendants touches and is necessarily hurtful to Mr. Sandoval in his business and trade.

Sandoval, with prejudice, MoMoneyRules's post gives the reader the impression that the Court found "there has been stock manipulation by Insider Sandoval," and that "they found out about his CCTC SEC Filing Violations . . . it's in the court docs...." Complaint at ¶ 29. None of these statements are true, reasonably fair or accurate summaries of the Court Order which made no such findings and dismissed all such claims against Mr. Sandoval.

The Complaint identifies numerous other false and defamatory assertions by MoMoneyRules that **a)** Mr. Sandoval is involved in the illegal activity of manipulating the stock price of CCTC by purchasing shares at 30 cents per share, Complaint at ¶¶ 35-36, and **b)** that Mr. Sandoval is one of CCTC's few "Insiders" who have "documented histories of SEC Violations, SEC Settlements," *id.*, that Mr. Sandoval was "suspended by SEC for SEC Trading Violations Fraud, etc.," *id.*, and that Mr. Sandoval's alleged (but non-existent) "$.30 share purchase . . . was a fraud," *id.* at ¶ 39. As set forth in the Complaint and noted above, none of these statements are true.

Even though the September 16, 2020 post contains a self-styled "Disclaimer," it does not insulate the defamatory statements from liability. MoMoneyRules states "My opinions are based on available public information," but in making this statement, he gives the impression that there is a long and unseemly list of true, but undisclosed, factual bases for the totality of his false statements. *See generally* Comp. at ¶ 37. Statements dressed as opinion remain actionable where that author "implies a knowledge of facts which lead to the conclusion" that is being falsely asserted. *See Desmond*, 241 N.C. App. at 137. Here, MoMoneyRules's September 16, 2020 "posting gives the distinct impression that each of the [false] factual assertions therein is based upon a long but undisclosed history of SEC violations and convictions for Mr. Sandoval." *Complaint* at ¶ 37.

7

### 3. The Complaint properly alleges defamation per se against **Cartman_3_16.**

The Complaint identifies a false and defamatory *per se* posting by Cartman_3_16. *Id.* at ¶ 43. The post puts forth an assertion of fact which the reader is led to believe is supported by other evidence – namely, that "Nacho Sandoval" – an obviously racist and deprecatory reference to Mr. Tacho Sandoval (who is of Latin heritage) participated in illegal securities fraud with CCTC by manipulating the company's price of shares through a "pump they executed last fall . . . ." *Id.* The posting is false because Mr. Sandoval has never engaged in securities fraud with his CCTC shares, individually or with anyone else.

### C. Plaintiff Satisfies the Second *Taylor* Prong Because He Gave Notice to the Anonymous Posters of His Effort to Discover Their Identities.

The *Taylor* Court further required the Plaintiff to attempt to notify the Doe Defendants that they are the subject of a possible subpoena for disclosure of their identities. *Id.* at \*4. Mr. Sandoval has done so. On December 21, 2020, he caused a Notice to be published on iHub, on the same CCTC message board subcategory wherein the offending messages were posted, that invited each of the John Doe Defendants to file an opposition or other document with this Court if they opposed Mr. Sandoval's efforts to uncover their true identities. *See* **Exhibit E**, Dec. 21, 2020, Sandoval Notice of Legal Action Posted on CCTC Board of iHub website.[4] Due to Cartman_3_16's deletion of the Notice, Mr. Sandoval caused the same posting to be made on the "Newbies" Board of iHub which shows high user traffic (almost 89,000 posts) and which is not (to Mr. Sandoval's knowledge)

---

[4] Shortly after making the December 21, 2020 Notice posting, John Doe Defendant No. 3 a/k/a Cartman_3_16, who is the Moderator of the CCTC board on iHub, deleted Mr. Sandoval's posting. Cartman_3_16's control, censorship, and improper deletion of the Notice indicates that Cartman_3_16 has actual knowledge of this Motion. Mr. Sandoval intends to cause his Notice to be posted again in the CCTC subcategory of iHub.

controlled by Cartman_3_16 or any of the other John Doe Defendants. *See* **Exhibit F**, Dec. 22, 2020 Sandoval Notice Posted on Newbies Board of Ihub Website.

Mr. Sandoval has also been diligent in his extrajudicial attempts to discover the identities of the posters. Mr. Sandoval conducted internet searches for identifying information connected to the posters respective iHub screen names,[5] he checked iHub's registration page for identifying information, and through undersigned counsel, issued a request directly to iHub on November 20, 2020, for information identifying the anonymous posters. *See* **Exhibit C**, November 20, 2020 Sandoval Letter with Attachments (not including Complaint and Exhibits). iHub refused Plaintiff's request stating that it required "a subpoena or similar order issued by a court of competent jurisdiction." *See* **Exhibit D**, November 24, 2020 iHub Response Letter.

### IV. CONCLUSION

Plaintiff has demonstrated that his defamation per se claims could withstand a hypothetical motion to dismiss and that he has provided notice of this proceeding and this Motion, to the extent possible, to the three Doe Defendants. Plaintiff respectfully requests that the Court grant his Motion for Leave to Conduct Early Discovery.

Dated: December 23, 2020          Respectfully submitted,

*/s/ Carl F. Schoeppl*
Carl F. Schoeppl, Esq.
Florida State Bar No. 818518
Terry A.C. Gray, Esq.
Florida State Bar No. 100732

---

[5] Mr. Sandoval has a yahoo e-mail address that he believes is utilized by the anonymous internet poster known as Cartman_3_16 but he has been unable to determine the true identity of the poster or the user of the e-mail address. For this reason, Mr. Sandoval intends to issue a subpoena to Yahoo to discover the identity of the user of the e-mail address believed to be associated with Cartman_3_16.

9

**SCHOEPPL LAW, P.A.**
4651 North Federal Highway
Boca Raton, Florida 33431-5133
Telephone: (561) 394-8301
Facsimile: (561) 394-3121
Cell: (561) 573-2878
E-mail: carl@schoeppllaw.com
E-mail: terry@schoeppllaw.com

*Special Appearance Counsel pursuant to Local
Civil Rule 83.1(e) for Plaintiff Tacho M. Sandoval*

/s/ Robert A. Meynardie
Robert A. Meynardie
NC State Bar No. 20566
**MEYNARDIE & NANNEY, PLLC**
5700 Six Forks Road, Suite 201
Raleigh, North Carolina 27609
Telephone: (919) 747-7373
Fax: (919) 324-6590
E-mail: bob@mnlaw-nc.com

*Local Civil Rule 83.1(d) Counsel for
Plaintiff Tacho M. Sandoval*

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that the foregoing Memorandum of Law complies with Local Rule 7.2(f)(3)(B) in that the applicable portions of the Memorandum of Law total 2687 words based upon the word count feature of undersigned counsel's document creation software.

**/s/ Terry A. C. Gray**
Terry A. C. Gray, Esq.
*One of the Attorneys for Plaintiff Tacho M. Sandoval*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2020, I electronically filed Plaintiff's Motion for Leave to Conduct Early Discovery with the Clerk of Court using the CM/ECF system.

**/s/ Terry A. C. Gray**
Terry A. C. Gray, Esq.
*One of the Attorneys for Plaintiff Tacho M. Sandoval*

A:\Sandoval - IHUB\Pleadings\Finals\2020 12 23 MemorandumSupportMotionforLeaveEarlyDiscovery FINAL.wpd