IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-00579-BO

| | |
|---|---|
| TACHO M. SANDOVAL,<br>an individual, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| JOHN DOE No. 1, a/k/a "Fullest_Disclosure",<br>an individual;<br>JOHN DOE No. 2, a/k/a "MoMoneyRules",<br>an individual; and<br>JOHN DOE No. 3, a/k/a "Cartman_3_16",<br>an individual, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Pursuant to Fed. R. Civ. Proc. 26(b), 45, and Local Civil Rule 26.1(d), Plaintiff **TACHO M. SANDOVAL** submits this Memorandum of Law in Opposition to John Doe No. 3 a/k/a Cartman_3_16's ("Cartman") Motion to Quash Subpoena and Objection to Jurisdiction, and states as follows:

## I. NATURE OF THE CASE

Cartman is an anonymous internet poster who published the false claim that Mr. Sandoval committed securities fraud by engaging in a "pump and dump" of Clean Coal Technologies, Inc.'s ("CCTC" or "CCTI") stock. Cartman has moved to quash the subpoena Plaintiff served upon Investorshub.com ("iHub") to discover Cartman's identity. Cartman is attempting to insulate himself in his anonymity. However, the First Amendment does not protect tortious speech – anonymous or otherwise. Cartman does not deny that he authored the post, that his accusation was

1

false, or that it is less protected commercial speech. Instead, Cartman proffers arguments that are legally and factually inaccurate, or premature, and should thus, be rejected.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Since October 2018, Cartman has carried out a veritable crusade to destroy the business reputation and character of Mr. Sandoval through online postings on iHub. *See generally* **Ex. A**, Dec. of Tacho Sandoval ("Sandoval Dec."). After exhausting pre-suit due-diligence without judicial process, Plaintiff asserted claims of defamation *per se* against Cartman and two other anonymous posters. ECF 1. Plaintiff sought expedited discovery pursuant to the standard set forth in *Taylor v. John Does 1-10*, 4:13-CV-218-F, 2014 WL 1870733, at *3 (E.D.N.C. May 8, 2014) by 1) demonstrating that his claims satisfied a hypothetical motion to dismiss, and 2) providing notice to the anonymous posters. ECF 12, 13. Finding "good cause," the Court granted Plaintiff's request subject to objections by the anonymous Defendants. ECF 14. Only Cartman objected.

## III. ARGUMENT

### A. Cartman Relies on the Wrong Test as North Carolina Courts Have Rejected *Dendrite*.

Cartman's Motion to Quash fails as it relies on the wrong analysis. Neither the Fourth Circuit, nor any state or federal courts in North Carolina, have adopted the more onerous *Dendrite* Test advocated by Cartman, which requires a Plaintiff to put forth summary judgment evidence. *See Dendrite Int'l, Inc. v. Doe No. 3*, 342 N.J. Super. 134, 775 A.2d 756 (App. Div. 2001). Federal Courts in North Carolina have all rejected it, directly or by implication,[1] and *Dendrite* represents but

---

[1] *See, e.g.*, *Sony BMG Music Entm't v. Doe*, 5:08-CV-109-H, 2009 WL 5252606, at *7 (E.D.N.C. Oct. 21, 2009) ("The court declines defendant's invitation to apply the arguably more rigorous test in the state case of *Dendrite Int'l, Inc. v. Doe No. 3*")

2

one extreme of a "wide array of standards. " *See Taylor*, 2014 WL 1870733 at *2 (standards range "from a 'good faith' assertion of a claim for relief to a showing commensurate with that needed to withstand a motion for summary judgment."). Cartman's reliance upon *Dendrite* seems entirely due to its extremity.

But the *Taylor* Court considered, and rejected, Cartman's approach. It determined that, since the speech at issue was commercial speech, and thereby entitled to less First Amendment protection, the discovering party should satisfy a hypothetical motion to dismiss, not a heightened pleading or evidentiary burden. *See Taylor*, 2014 WL 1870733 at *2 (rejecting *Independent Newspapers, Inc. v. Brodie*, 966 A.2d 432 (Md. 2009) which adopted a modified *Dendrite*), *citing Alvis Coatings, Inc. v. John Does 1--10*, 3L04 CV 374-H, 2004 WL 2904405, at *1 (W.D.N.C. Dec. 2, 2004).[2] The *Taylor* Court thus rejected the *Dendrite* approach, and this Court should too.

Relying on *Dendrite*, Cartman claims that Mr. Sandoval should put forth evidence that he did not engage in securities fraud. However, at least in his filings with this Court, *Cartman does not even suggest* that Mr. Sandoval actually committed the securities fraud of which he accused Mr. Sandoval. Absent such a contention, there is no reason to reverse the burden of proof and impose a heightened evidentiary requirement at this early stage; Cartman later can raise a defense of truth, if he so elects. Further, Mr. Sandoval has repeatedly averred that Cartman's accusation is false. *See, e.g.*, Comp. at ¶¶ 1, 11, 12, 16, 22, 45. See also **Ex. A** at ¶ 9, Sandoval Dec. The *Taylor* Test, Mr.

---

[2] *Alvis Coatings* does not support application of the *Dendrite* test as Cartman argues. The "*prima facie* showing" to which the *Alvis* Court referred were the various tests set forth in the cases upon which it relied – none of which included a heightened evidentiary standard, and indeed, the *Alvis* Court granted Plaintiff discovery based upon the fact that 1) Defendant did not dispute that he authored the statements, and 2) Plaintiff "averred" that the statements were false and damaging. *See Alvis Coatings*, 2004 WL 2904405 at *4.

3

Sandoval's averments, and Cartman's ability to raise truth as a defense, provide Cartman sufficient protection such that the Court need not impose an even higher burden.

### B. Plaintiff's Complaint States a Valid Claim for Defamation *Per Se* Against Cartman_3_16.

Cartman_3_16 published the following defamatory *per se* statement:

> As if "because it's the law" has ever been management's guiding force.
> What a joke. They must think shareholders are morons, **especially after that little paid pump they executed last fall with slimy insider Nacho Sandoval**.[3]

*See* Comp. at ¶ 43, ECF 1 (emphasis added).

Cartman_3_16 argues that the foregoing is non-actionable opinion, but the posting is recognized and actionable under the law as a "mixed opinion" defined as "statements that imply the existence of facts that would justify the opinion." *See Swengler v. ITT Corp. Electro-Optical Products Div.*, 993 F.2d 1063, 1071 (4th Cir. 1993). As the U.S. Supreme Court has recognized "simply couching statements in terms of opinion does not dispel the[ ] implications [of fact], and the statement ... can cause as much damage to reputation as [factual assertions]." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19, 110 S.Ct. 2695, 2706, 111 L.Ed.2d 1 (1990). *See also Qureshi v. St. Barnabas Hosp. Ctr.*, 430 F. Supp. 2d 279, 288 (S.D.N.Y. 2006) ("mixed opinion" that "imply a basis in facts not disclosed to the reader or listener" are actionable as defamation).

Here, the beginning of Cartman_3_16's statement is an opinion or conjecture, *i.e.*, 'management must think shareholders are morons' – but the statement puts forth a defamatory *per se* assertion of false, undisclosed facts, as support for that opinion. To wit: my opinion about what management must think is very likely correct because management and Tacho Sandoval committed

---

[3] "Nacho Sandoval" is a racist and deprecatory reference to Mr. Tacho Sandoval, who is of Latin heritage.

securities fraud through a pump and dump scam last year about which I have facts that I am not disclosing here. As alleged in the Complaint, Cartman_3_16 is implying that he has undisclosed facts that Plaintiff and CCTC committed securities fraud. Cartman's statement is properly subject to a claim for defamation *per se*.

It is well established that "[a]n allegation that a person violated securities laws can indeed constitute defamation *per se.*" *Kesner v. Dow Jones & Co., Inc.*, 20 CIV. 3454 (PAE), 2021 WL 256949, at *16 (S.D.N.Y. Jan. 26, 2021), *appeal filed*, 2021 WL 256949 (2d Cir. Jan. 26, 2021), *citing Lucking v. Maier*, No. 03 Civ. 1401 (NRB), 2003 WL 23018787, at *6 (S.D.N.Y. Dec. 23, 2003) (statements that broker engaged in illegal stock transactions held actionable as libelous *per se*).

### C. Mr. Sandoval is Not a Limited Public Figure

Defendant incorrectly asserts that Mr. Sandoval is a limited purpose public figure because he is a "director and substantial shareholder." Mot. Quash at 9, ECF 19. Mr. Sandoval is not now, nor ever has been a director or officer of CCTC. *See* **Ex. A** at ¶ 3, Sandoval Dec. The 2018 article describing Mr. Sandoval as a "director" is simply wrong as Cartman could have determined from a review of CCTC's public filings with the SEC.[4] Plaintiff is a shareholder, and not even the majority shareholder. *Id.* at ¶ 4. But this fact alone is woefully insufficient to make him a limited purpose public figure. If "[b]eing an executive within a prominent and influential company does not by itself make one a public figure," then surely, being a shareholder of a small, relatively unknown

---

[4] Mr. Sandoval has never been identified in any public filing of CCTC as an officer or director as Cartman constructively knows. *See, e.g.*, *Thompson v. 1-800 Contacts, Inc.*, 2:16-CV-1183-TC, 2018 WL 2271024, at *13 (D. Utah May 17, 2018) (publicly available documents may impart constructive knowledge).

5

penny-stock company, without more, does not make one a public figure either. *Waldbaum v. Fairchild Publ'ns, Inc.*, 627 F.2d 1287, 1299 (D.C. Cir. 1980).

Beyond the erroneous assertion that Mr. Sandoval is a Director of CCTC, Cartman makes no real effort to show that Plaintiff satisfies the elements necessary to be deemed a limited purpose public figure. Nor could he, as there are no facts from which one could conclude that Mr. Sandoval "thrust" himself "to the forefront of particular public controversies in order to influence the resolution of the issues involved."[5] *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974). Mr. Sandoval's Declaration makes clear that he has never been interviewed about CCTC, never posted about CCTC, never made any public comments about CCTC, and further, there was never any discussion of him on the iHub CCTC message board *prior* to that initiated by Cartman. See **Ex. A** at ¶ 5, Sandoval Dec. Cartman cannot create a false and injurious controversy on iHub then claim that Mr. Sandoval is a public figure because of it.[6] *See Gottwald*, 2021 WL 1567070, at *4 ("A person may generally not be made a public figure through the unilateral acts of another.")

Moreover, Plaintiff did allege that Cartman acted with actual malice. *See* Comp. at ¶ 70. If the Court deems necessary, Plaintiff can allege additional facts showing actual malice, including: a) Cartman's biased censorship of postings defending Mr. Sandoval, *see* ECF 13 at n. 4, b) his deletion of the Notice of this action Plaintiff posted, c) his personal attacks on Mrs. Sandoval, d) his

---

[5] Both New York and North Carolina law recognize a limited purpose public figure as one "who has voluntarily injected himself or is drawn into a particular public controversy with a view toward influencing it." *See Gottwald v. Sebert*, 12716, 2021 WL 1567070, at *3 (N.Y. App. Div. Apr. 22, 2021); *Gaunt v. Pittaway*, 139 N.C. App. 778, 786, 534 S.E.2d 660 (2000) (accord).

[6] Other than some postings on iHub, there is no press or media coverage that undersigned counsel has identified from 2016 through the present making any reference to CCTC having been involved in any pump and dump of its shares, and **no** postings or stories on the World Wide Web pertaining to Mr. Sandoval and any pump and dump.

6

posting of information about the Sandovals' residency, and e) prior postings outside the statute of limitations. *See generally* **Ex. A** at ¶¶ 8-9, Sandoval Dec.

    **D.**    **The "Grossly Incompetent" Standard Does Not Apply.**

Cartman claims that under New York law, Sandoval is required to allege that Cartman was grossly negligent in how he gathered and disseminated his posting based upon *Chapadeau v. Utica Observer–Dispatch*, 38 N.Y.2d 196, 199, 379 N.Y.S.2d 61, 341 N.E.2d 569 (1975). However, the *Chapadeau* standard does not apply here because Cartman is not responsible for observing journalistic standards. *See Gottwald*, 2021 WL 1567070 at *5. Even if the *Chapadeau* standard did apply, Sandoval has satisfied it by alleging actual malice. *See Watson v. NY Doe 1*, 439 F. Supp. 3d 152, 164 (S.D.N.Y. 2020) ("Ordinarily a communication made with 'actual malice' is also made in violation of the Chapadeau standard..."), *citing Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 104 (2d Cir. 2000).

    **E.**    **Plaintiff Has Sufficiently Alleged Jurisdiction Under the Circumstances, At This Stage.**

Plaintiff's allegation that "upon information and belief," Fullest_Disclosure is a citizen of North Carolina were legally sufficient.[7] *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 194-195, 199 (4th Cir. 2008); *Sunbelt Residential Acquisitions, LLC v. Crowne Lake Associates, Ltd. P'ship*, 1:20CV401, 2021 WL 512228, at *1 (M.D.N.C. Feb. 11, 2021) (complete diversity was alleged based upon information and belief); *SunTrust Bank v. Village at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 696 (E.D. Va. 2011) (accord); *Thomas v. Ritter*, 3:98CV530-H,

---

[7]     Should the Court require a proffer from Plaintiff, he respectfully requests permission to file it under seal or produce it to Chambers for an *in camera* review to avoid any negative implications for the individual whom Plaintiff suspects to be Fullest_Disclosure.

7

1999 WL 1940047, at *2 (W.D.N.C. Feb. 11, 1999) ("since the Complaint recites that Ritter 'upon information and belief ... is a resident of Mecklenburg County North Carolina,' the issue of his unknown citizenship is not sufficient to defeat diversity on the present record.") *See also* WRIGHT AND MILLER, 5 FED. PRAC. & PROC. CIV. § 1206 Pleading Jurisdiction—In General, (3d ed.) (describing disallowance of such allegations as "unduly restrictive" especially where pleader lacked "ability to offer" the information). Fullest_Disclosure has not denied the allegation, and it has been partially corroborated by information iHub produced. Plaintiff's averment should be deemed sufficient under the circumstances. *See, e.g.*, *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) ("...the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants.")

Having sufficiently alleged diverse citizenship as to Fullest_Disclosure, the inclusion of Cartman as a "Doe Defendant" does not destroy diversity. *See e.g.*, *Constr. Mgmt. & Dev.-Nevada, LLC v. Liberty Club Resorts, LLC*, SACV1900628JVSKESX, 2019 WL 4149437, at *3 (C.D. Cal. June 24, 2019) (Doe pleading permitted in diversity cases); *Doe v. Ciolli*, 611 F. Supp. 2d 216, 219 (D. Conn. 2009) (anonymous defendants do not destroy complete diversity at the pleading stage); *W. Weber Co., Inc. v. Kosack*, 96 CIV. 9581 (LMM), 1997 WL 666246, at *3 (S.D.N.Y. Oct. 24, 1997) (accord); *Macheras v. Ctr. Art Galleries–Haw.*, 776 F.Supp. 1436, 1440 (D.Haw.1991) ("The presence of fictitious defendants neither creates a presumption that diversity is destroyed, nor requires Doe defendants to be named, abandoned, or dismissed in order for a diversity-based claim to be brought in federal court under § 1332.")

Lastly, Cartman's assertion that the Court lacks personal jurisdiction is premature and not germane to the propriety of the subpoena served on iHub, as other courts have recognized. *See, e.g.*, *Guava, LLC v. Does 1-5*, 1:12-CV-8000, 2013 WL 3270663, at *6 (N.D. Ill. June 27, 2013); *Bloomberg, L.P. v. John Does* 1-4, 13 CIV. 01787 LGS, 2013 WL 4780036, at *4 (S.D.N.Y. June 26, 2013) ("a ruling on personal jurisdiction at this stage would be premature."); *Safety Point Productions, LLC v. Does 1–57*, No. 3:12–CV–601, 2013 WL 1398585, at *1 (E.D.Tenn. Apr.5, 2013) (accord); *Canal St. Films v. Does 1–22*, No. 13–cv–999, 2013 WL 1775063, at *2 n.1 (M.D.Pa. Apr.25, 2013) (holding that plaintiff's factual assertion based on IP address as to John Doe defendants' location established personal jurisdiction for purposes of expedited discovery motion but that issue would be reexamined upon a contrary showing by a defendant); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 345 (D.D.C. 2011) ("Given that the defendants have yet to be identified, the Court believes that evaluating the defendants' jurisdictional defenses at this procedural juncture is premature.") Indeed, this Court has not yet exercised its jurisdiction over Cartman, and Cartman has not actually challenged the Court's jurisdiction by way of a motion.

Many states have a one year statute of limitations for defamation claims such that if the claim against Cartman is dismissed, Sandoval could be precluded from filing in a district where personal jurisdiction is proper. Where, as here, there is a risk that dismissal of a claim for lack of personal jurisdiction could cause the claim to be barred by a statute of limitations, the claims should be transferred pursuant to § 1406(a). *Gibbons v. Fronton*, 661 F.Supp.2d 429, 434 (S.D.N.Y. 2009). Once Cartman is identified, Sandoval stands ready to seek limited jurisdictional discovery, or move to transfer the claim to an appropriate jurisdictional venue, if necessary. Cartman's posting is defamatory; he should be held to account for it. Plaintiff has satisfied the appropriate standard and

9

under the circumstances sufficiently alleged jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Sandoval respectfully requests that the Court deny Cartman's Motion to Quash the Subpoena and grant Sandoval such other and further relief as this Court deems appropriate.

Dated: May 7, 2021

Respectfully submitted,

*/s/ Carl F. Schoeppl*
Carl F. Schoeppl, Esq.
Florida State Bar No. 818518
Terry A.C. Gray, Esq.
Florida State Bar No. 100732
**SCHOEPPL LAW, P.A.**
4651 North Federal Highway
Boca Raton, Florida 33431-5133
Telephone: (561) 394-8301
Facsimile: (561) 394-3121
Cell: (561) 573-2878
E-mail: carl@schoeppllaw.com
E-mail: terry@schoeppllaw.com

*Special Appearance Counsel pursuant to Local Civil Rule 83.1(e) for Plaintiff Tacho M. Sandoval*

*/s/ Robert A. Meynardie*
Robert A. Meynardie
NC State Bar No. 20566
**MEYNARDIE & NANNEY, PLLC**
5700 Six Forks Road, Suite 201
Raleigh, North Carolina 27609
Telephone: (919) 747-7373
Fax: (919) 324-6590
E-mail: bob@mnlaw-nc.com

*Local Civil Rule 83.1(d) Counsel for Plaintiff Tacho M. Sandoval*

# CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that the foregoing Memorandum of Law complies with Local Rule 7.2(f)(3)(B) in that the applicable portions of the Memorandum of Law total 2792 words based upon the word count feature of undersigned counsel's document creation software.

**/s/ Terry A. C. Gray**
Terry A. C. Gray, Esq.
*One of the Attorneys for Plaintiff Tacho M. Sandoval*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 7, 2021, I electronically filed Plaintiff's Motion for Leave to Conduct Early Discovery with the Clerk of Court using the CM/ECF system.

**/s/ Terry A. C. Gray**
Terry A. C. Gray, Esq.
*One of the Attorneys for Plaintiff Tacho M. Sandoval*

| Party | Method of Service | Name, Address, Telephone, and Facsimile of Party's Counsel |
|---|---|---|
| *John Doe No. 3, a/k/a "Cartman_3_16"* <br><br> *Defendants* | CM/ECF | William A. Robertson, Esq. <br> Eric M. David, Esq. <br> Brooks, Pierce, McLendon, Humphrey & Leonard, LLP <br> 1700 Wells Farog Capital Center <br> 150 Fayetteville Street <br> Raleigh, North Carolina 27601 <br> Telephone: (919) 839-0300 <br> Facsimile: (919) 829-0304 <br> Email: wrobertson@brookspierce.com <br> Email: edavid@brookspierce.com |

C:\Users\Terry Gray\Documents\Sandoval\2021 05 07 Memorandum Opposition Cartman MotQuashSubpoena FINAL.wpd