IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:20-CV-579-BO

TACHO M. SANDOVAL, an individual,

                              Plaintiff,

v.

JOHN DOE No. 1, a/k/a "Fullest_Disclosure", an individual; JOHN DOE No. 2, a/k/a "MoMoneyRules", an individual; and JOHN DOE No. 3, a/k/a "Cartman_3_16", an individual,

                              Defendants.

**APPEAL TO THE DISTRICT COURT FROM THE MAGISTRATE JUDGE'S ORDER DENYING MOTION TO QUASH SUBPOENA AND OBJECTION TO JURISDICTION**
**(Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1))**

                                                                Eric M. David
                                                                William A. Robertson
                                                                 BROOKS, PIERCE, MCLENDON,
                                                                  HUMPHREY & LEONARD, LLP
                                                                  *Counsel for Defendant John Doe No. 3, a/k/a*
                                                                  *"Cartman_3_16"*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

STATEMENT OF APPEAL.................................................................................................... 1

BACKGROUND ...................................................................................................................... 1

STANDARD OF REVIEW ...................................................................................................... 2

DISCUSSION ........................................................................................................................... 3

1. Taking the well-pleaded facts alleged in the Complaint as true, Plaintiff fails to allege subject matter jurisdiction under 28 U.S.C. § 1332. ........................................... 4

2. Minimal diversity is not sufficient to confer jurisdiction on the Court and conduct discovery to determine Cartman's identity. ......................................................... 5

3. Plaintiff's subject matter jurisdiction arguments are without merit.................................. 9

4. Cartman will challenge the sufficiency of the pleading at the appropriate time. ............. 10

CONCLUSION....................................................................................................................... 10

CERTIFICATE OF SERVICE ............................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Bain*,
    697 F.2d 1213 (4th Cir. 1982) ............................................................................... 3

*Arbaugh v. Y&H Corp.*,
    546 U.S. 500 (2006) .................................................................................................. 2, 3

*Bruce v. Hartford*,
    21 F. Supp. 3d 590 (E.D. Va. 2014) ...................................................................... 2

*Buckley v. Am. Constitutional Law Found.*,
    525 U.S. 182 (1999) ................................................................................................... 3

*Caterpillar Inc. v. Lewis*,
    519 U.S. 61 (1996) .................................................................................................. 4, 6

*CertusView Techs., LLC v. S & N Locating Services, LLC*,
    107 F. Supp. 3d 500 (E.D. Va. 2015) ...................................................................... 2

*Commodity Futures Trading Comm'n v. Nahas*,
    738 F.2d 487 (D.C. Cir. 1984) .................................................................................. 6

*Constr. Mgmt. & Dev.-Nevada, LLC v. Liberty Club Resorts, LLC*,
    SACV1900628JVSKESX, 2019 WL 4149437 (C.D. Cal.
    June 24, 2019) ............................................................................................................. 9

*Cunningham v. Gen. Dynamics Info. Tech., Inc.*,
    888 F.3d 640 (4th Cir. 2018) ..................................................................................... 8

*DeFazio v. Wallis*,
    459 F. Supp. 2d 159 (E.D.N.Y. 2006) .................................................................... 2

*Doe v. Ciolli*,
    611 F. Supp. 2d 216 (D. Conn. 2009) ..................................................................... 9

*Ex parte McCardle*,
    74 U.S. 506 (1868) .................................................................................................. 6, 8

*Gross v. Weingarten*,
    217 F.3d 208 (4th Cir. 2000) ................................................................................ 9-10

*Howell by Goerdt v. Trib. Ent. Co.*,
    106 F.3d 215 (7th Cir. 1997) ............................................................................ *passim*

*In re Bulldog Trucking, Inc.*,
    147 F.3d 347 (4th Cir. 1998) ..................................................................................... 6

*Jensen v. Solvay Chemicals, Inc.*,
    520 F. Supp. 2d 1349 (D. Wyo. 2007) ................................................................................ 2

*Johnson v. Gen. Motors Corp.*,
    242 F. Supp. 778 (E.D. Va. 1965) ................................................................................... 4, 5

*Kenny v. Wilson*,
    885 F.3d 280 (4th Cir. 2018) ............................................................................................. 3

*Kerns v. United States*,
    585 F.3d 187 (4th Cir. 2009) ............................................................................................. 8

*Lee v. Airgas Mid-S., Inc.*,
    793 F.3d 894, 898–99 (8th Cir. 2015); ...................................................................... 4, 5, 9

*Loughlin v. United States*,
    393 F.3d 155 (D.C. Cir. 2004) ........................................................................................ 5, 6

*Macheras v. Ctr. Art Galleries--Hawaii, Inc.*,
    776 F. Supp. 1436 (D. Haw. 1991) .................................................................................... 9

*Markham v. City of Newport News*,
    292 F.2d 711 (4th Cir. 1961) ............................................................................................. 9

*McIntyre v. Ohio Elections Comm'n*,
    514 U.S. 334 (1995) ........................................................................................................... 3

*McMann v. Doe*,
    460 F. Supp. 2d 259 (D. Mass. 2006) ....................................................................... 4, 7, 9

*Meng v. Schwartz*,
    305 F. Supp. 2d 49 (D.D.C. 2004) .................................................................................. 7, 9

*Menzies v. Doe*,
    194 F.3d 174 (D.C. Cir. 1999) ........................................................................................... 7

*Murray Energy Corp. v. Adm'r of Env't Prot. Agency*,
    861 F.3d 529 (4th Cir. 2017) .......................................................................................... 6, 8

*Mylan Lab'ys, Inc. v. Akzo, N.V.*,
    2 F.3d 56 (4th Cir. 1993) ................................................................................................... 8

*Napper v. United States*,
    374 F. Supp. 3d 583 (S.D.W. Va. 2019) ............................................................................ 8

*Reno v. ACLU*,
    521 U.S. 844 (1997) ........................................................................................................... 3

*Sandler v. W. State Hosp.*,
 No. CIV.A. 5:02CV00107, 2003 WL 22722870 (W.D. Va. Nov. 18,
 2003) ................................................................................................................................. 4

*Sheldon v. Sill*,
 49 U.S. 441 (1850) ............................................................................................................ 6

*Sinclair v. TubeSockTedD*,
 596 F. Supp. 2d 128 (D.D.C. 2009) ............................................................................... 7, 8

*Sligh v. Doe*,
 596 F.2d 1169 (4th Cir. 1979) ........................................................................................... 3

*Turner v. Bank of N. Am.*,
 4 U.S. 8 (1799) ............................................................................................................. 5, 6

*United States v. Beasley*,
 495 F.3d 142 (4th Cir. 2007) .......................................................................................... 6, 8

*Vogel v. Go Daddy Grp., Inc.*,
 266 F. Supp. 3d 234 (D.D.C. 2017) ............................................................................... 7, 8

*W. Weber Co. v. Kosack*,
 No. 96 CIV. 9581(LMM), 1997 WL 666246 (S.D.N.Y. Oct. 24, 1997) ............................ 9

**Statutory Authorities**

28 U.S.C. § 636(b)(1)(A) ............................................................................................................. 2

28 U.S.C. § 1332 ................................................................................................................. *passim*

28 U.S.C. § 1441 .......................................................................................................................... 9

N.Y. Civ. Rights Law § 70-a ........................................................................................................ 1

N.Y. Civ. Rights Law § 76-a ........................................................................................................ 1

**Rules and Regulations**

Fed. R. Civ. P. 12(h)(3) .................................................................................................. 1, 3, 8

Fed. R. Civ. P. 21 ............................................................................................................... 8

Fed. R. Civ. P. 45(d)(3)(A) ................................................................................................ 3

Fed. R. Civ. P. 72(a) .......................................................................................................... 2

**Constitutional Provisions**

U.S. Const. art. I, § 8, cl. 9 ............................................................................................. 5, 6

## STATEMENT OF APPEAL

Defendant John Doe No. 3, a/k/a "Cartman_3_16" appeals from the magistrate judge's order (DE 31) denying Cartman's motion to quash the subpoena issued to Investorshub.com, Inc. on February 3, 2021 (the "Subpoena") (DE 18). For the reasons set out more fully below, Cartman objects to the magistrate judge's ruling that Plaintiff Tacho Sandoval has properly invoked the Court's diversity jurisdiction, and thus may seek discovery from Investorshub. Such determination is contrary to law. In instances where Plaintiff cannot allege complete diversity, Plaintiff's recourse must be with an appropriate state court. Therefore, the Court should set aside the magistrate judge's order, quash the subpoena, and dismiss Cartman from this action pursuant Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff commenced this action on November 3, 2020 against Cartman and two other Doe defendants, alleging in pertinent part a claim of defamation per se under New York law against Cartman. (Compl. ¶¶ 66–75). In an apparent attempt to avoid application of New York's robust anti-SLAPP statute, N.Y. Civ. Rights Law §§ 70-a, 76-a; N.Y. C.P.L.R. §§ 3211(g), 3212(h), Plaintiff chose to bring this case in a North Carolina federal court. With respect to subject matter jurisdiction, Plaintiff alleges that, upon information and belief, John Doe No. 1 ("Fullest_Disclosure") is a citizen of North Carolina, and that "Plaintiff has no knowledge regarding the identity of John Does Nos. 2 and 3, MoMoneyRules and Cartman_3_16, at this time." (Compl. ¶¶ 2, 6–8).

Notwithstanding his admitted inability to allege the citizenship of MoMoneyRules and Cartman, Plaintiff sought and obtained an order from the magistrate judge allowing him to serve the Subpoena on Investorshub, seeking to compel production of information about Cartman.

(DE 12; DE 14; DE 14, Ex. A). Cartman objected to the Subpoena and moved to quash on April 9, 2021. (DE 18). In support of the motion, Cartman asserted that the Court lacked subject matter jurisdiction in this case, and that Plaintiff's Subpoena to Investorshub violated Cartman's First Amendment right to anonymous speech. (*See* DE 20). Following briefing on Cartman's motion, the magistrate judge conducted a hearing on August 31, 2021. Three months later, the magistrate judge issued his order denying Cartman's motion to quash. (DE 31). Shortly thereafter, the Court stayed the magistrate judge's order pending this appeal. (DE 34).

## STANDARD OF REVIEW

Upon timely appeal of a magistrate judge's ruling by an objecting party, a district judge must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A). For questions of law, "there is no practical difference between review under Rule 72(a)'s contrary to law standard and a de novo standard." *CertusView Techs., LLC v. S & N Locating Servs., LLC*, 107 F. Supp. 3d 500, 504 (E.D. Va. 2015) (quoting *Bruce v. Hartford,* 21 F. Supp. 3d 590, 594 (E.D. Va. 2014)). "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations," and sets aside the magistrate judge's order "if it applied an incorrect legal standard." *Jensen v. Solvay Chemicals, Inc.*, 520 F. Supp. 2d 1349, 1351 (D. Wyo. 2007). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006) (quotation and citation omitted)).

"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "Rule 12(h)(3) instructs:

2

'[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' " *Id.* (citing Fed. R. Civ. P. 12(h)(3)).

An objection to subject matter jurisdiction may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction *in fact*, apart from the complaint. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Where the court considers a "facial challenge . . . that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." *Kenny v. Wilson*, 885 F.3d 280, 287 (4th Cir. 2018). The plaintiff seeking relief in federal court bears the burden of alleging the jurisdictional facts. *Sligh v. Doe*, 596 F.2d 1169, 1170 (4th Cir. 1979).

## **DISCUSSION**

The Court should set aside the magistrate judge's order and quash the Subpoena because it "subjects [Cartman] to undue burden" and "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A). Specifically, the Subpoena infringes on Cartman's protected First Amendment right to post anonymous commentary. *See Buckley v. Am. Constitutional Law Found.,* 525 U.S. 182, 200 (1999); *Reno v. ACLU,* 521 U.S. 844, 870 (1997); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995). To overcome Cartman's First Amendment right and compel production of Cartman's information, the magistrate judge held Plaintiff's complaint must be able to survive a motion to dismiss.[1]

For the reasons set out below, the magistrate judge's ruling is contrary to law because 1) Plaintiff fails to plead complete diversity as required by 28 U.S.C. § 1332, and 2) minimal diversity does not cure lack of a statutory grant of subject matter jurisdiction. Because Plaintiff's Complaint

---

[1] *See infra* Section 4.

and the Subpoena exceed the Court's jurisdiction and violate Cartman's First Amendment rights, the Subpoena should be quashed and the Complaint dismissed.

> **1.  Taking the well-pleaded facts alleged in the Complaint as true, Plaintiff fails to allege subject matter jurisdiction under 28 U.S.C. § 1332.**

Plaintiff alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 2). "The current general-diversity statute, . . . 28 U.S.C. § 1332(a), . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citations omitted).

"[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997) (Posner, J.); *Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 898–99 (8th Cir. 2015); *McMann v. Doe,* 460 F. Supp. 2d 259, 264–65 (D. Mass. 2006); *Johnson v. Gen. Motors Corp.*, 242 F. Supp. 778, 779 (E.D. Va. 1965) ("Sound authority supports the general proposition that the 'John Doe' practice is unwarranted in diversity cases; and the action is subject to dismissal unless the John Does are eliminated or their citizenship affirmatively alleged."); *Sandler v. W. State Hosp.*, No. CIV.A. 5:02CV00107, 2003 WL 22722870, at *3 (W.D. Va. Nov. 18, 2003).[2]

A Doe Defendant's citizenship is not considered for purposes of diversity in three narrowly defined circumstances: 1) the "John Does" are merely nominal parties, 2) the case is removed from state court to federal court, or 3) a defendant is a fugitive, in which case a party may plead that defendant's citizenship based on the defendant's domicile before he fled. *Howell*, 106 F.3d at 218. "Nominal parties" are "fictional placeholders" against which no claim is asserted by plaintiff. *Lee*,

---

[2] Copies of several of these cases were provided to the magistrate judge and Plaintiff's counsel at the hearing.

793 F.3d at 899. Here, Cartman is not a "nominal party"; Plaintiff has asserted a claim against him. (*See* Compl. ¶¶ 66–75). This case was not removed to federal court. (*See id.*). Furthermore, Plaintiff has not (and cannot) allege that Cartman has fled his domicile. Thus, Plaintiff must affirmatively allege the citizenship of MoMoneyRules and Cartman. *See Lee*, 793 F.3d at 898–99; *Loughlin v. United States*, 393 F.3d 155, 172 (D.C. Cir. 2004); *Howell*, 106 F.3d at 218; *Johnson*, 242 F. Supp. at 779. Plaintiff's failure to do so is fatal to his allegation of diversity jurisdiction under 28 U.S.C. § 1332. (*See* Compl. ¶¶ 2, 6–8).

The magistrate judge appears to recognize that Plaintiff fails to allege complete diversity. (*See* Order (DE 31) at 8 ("[I]t is still to be determined whether there is complete diversity.")). However, contrary to over 200 years of jurisprudence, the magistrate judge holds "the existence of minimal diversity authorizes the court to allow Sandoval to engage in discovery to learn the defendants' identities." (*Id.*).

2. **Minimal diversity is not sufficient to confer jurisdiction on the Court and conduct discovery to determine Cartman's identity.**

The requirement that a statutory grant is necessary for the Court to exercise subject matter jurisdiction is derived from U.S. Const. art. I, § 8, cl. 9, which vests Congress with the power "[t]o constitute Tribunals inferior to the supreme Court." In *Turner v. Bank of N. Am.*, plaintiff argued that Article III of the Constitution was sufficient to confer subject matter jurisdiction directly upon federal courts, and that grant under the Judiciary Act of 1789 was not necessary for the federal courts to exercise subject matter jurisdiction over the case. 4 U.S. 8, 9 (1799). Justice Crase rejected this argument:

> If congress has given the power to this court, we possess it, not otherwise: and if congress has not given the power to us, or to any other court, it still remains at the legislative disposal. Besides, congress is not bound, and it would, perhaps, be inexpedient, to enlarge the jurisdiction of the federal courts, to every subject, in every form, which the constitution might warrant.

5

*Id.* n. a. Citing *Turner* and similar cases, the Supreme Court held that "Congress may withhold from any court of its creation jurisdiction of any of the enumerated controversies. Courts created by statute can have no jurisdiction but such as the statute confers." *Sheldon v. Sill*, 49 U.S. 441, 449 (1850).

Courts have continued to adhere to the original interpretation of 28 U.S.C. § 1332 and U.S. Const. art. I, § 8, cl. 9, consistently holding that federal district courts are "constrained to exercise only the authority conferred by Article III of the Constitution *and affirmatively granted by federal statute.*" *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998) (emphasis added); *see, e.g.*, *Loughlin*, 393 F.3d at, 172; *Howell*, 106 F.3d at 218; *Commodity Futures Trading Comm'n v. Nahas*, 738 F.2d 487, 492 n.9 (D.C. Cir. 1984).

The implications of failing to allege a grant of subject matter jurisdiction are equally well-established: "[w]ithout jurisdiction the court *cannot proceed at all in any cause*. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868) (emphasis added); *Murray Energy Corp. v. Adm'r of Env't Prot. Agency*, 861 F.3d 529, 537 (4th Cir. 2017), *as amended* (July 18, 2017); *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007).

The magistrate judge misapprehends the foregoing case law, all of which made clear the requirement that federal district courts have constitutional *and* statutory grants of authority to exercise subject matter jurisdiction. (Order (DE 31) at 4 (citing *In re Bulldog Trucking*, 147 F.3d at 352)). Minimal diversity is sufficient for jurisdiction under Article III of the United States Constitution; complete diversity is required under 28 U.S.C. § 1332. *Caterpillar Inc.*, 519 U.S. at 68 & n.3. So while Plaintiff has alleged constitutional standing, he has failed to allege statutory

standing. (*See* Compl. ¶ 2). Plaintiff's allegations are insufficient to allege subject matter jurisdiction, warranting immediate dismissal.

The magistrate judge cites *Vogel* and *Sinclair* for the proposition that minimal diversity is sufficient to allow discovery. (Order (DE 31) at 5–6, 7). *Sinclair* flatly contradicts the magistrate judge's analysis: "a diversity action cannot be brought against Doe defendants in hopes of later discovering that the requisite diversity of citizenship actually exists." *Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128, 132–33 (D.D.C. 2009). The authorities cited by *Sinclair* in support of this statement of law all discuss complete diversity under 28 U.S.C. § 1332, not minimal diversity under Article III. *See Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004); *Menzies v. Doe*, 194 F.3d 174 (D.C. Cir. 1999) (table); *Howell*, 106 F.3d at 218. Indeed,

> [f]ederal jurisdiction based on diversity of citizenship cannot simply be assumed, as [plaintiff] wishes, with discovery then permitted in hopes that a proper basis for jurisdiction can later be ascertained. The proper course in a setting like this one is for a plaintiff to pursue any valid claims in a state court where both subject-matter and personal jurisdiction exist.

*Sinclair*, 596 F. Supp. 2d at 134; *see also McMann*, 460 F. Supp. 2d at 264 ("[T]here is a very troubling possibility that the court could order John Doe unmasked, simply to discover that John Doe is a Massachusetts resident, that there was no diversity, and that the court acted without subject matter jurisdiction.")

*Vogel* is no more persuasive than *Sinclair*. The holding of *Vogel* is that Plaintiff's proposed amended complaint was futile under Rule 15 because Plaintiff did not "aver sufficient facts to establish the Doe Defendants' places of citizenship." *Vogel v. Go Daddy Grp., Inc.*, 266 F. Supp. 3d 234, 239 (D.D.C. 2017). In dicta, the *Vogel* decision appears to cite the above-quoted passages in *Sinclair* for the proposition that, if one named defendant's citizenship is alleged, then the Court has subject matter jurisdiction and should allow discovery. *Id.* at 240 (citing *Sinclair*, 596 F. Supp.

7
Case 5:20-cv-00579-BO   Document 35   Filed 12/09/21   Page 13 of 18

2d at 132–33, 134). Neither *Sinclair* nor any of the other authorities cited by *Sinclair* in relevant parts support this statement in *Vogel*. Indeed, over 150 years of controlling law suggests the opposite: the Court should not proceed "at all" where subject matter jurisdiction is lacking, but instead may only announce lack of jurisdiction, and dismiss the cause. *McCardle*, 74 U.S. at 514; *Murray*, 861 F.3d at 537; *Beasley*, 495 F.3d at 147; *see* Fed. R. Civ. P. 12(h)(3).

The magistrate judge also cites several cases for the proposition that "often this process involves allowing discovery while the court's jurisdiction is still in question." (*See* Order (DE 31) at 7). The cases cited by the magistrate judge, however, stand for a narrower proposition: discovery may be necessary to evaluate subject matter jurisdiction *in fact* where a party attacks the veracity of the allegations in the Complaint. *See Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009); *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018); *Napper v. United States*, 374 F. Supp. 3d 583, 587 (S.D.W. Va. 2019).[3] For purposes of this motion and objection to subject matter jurisdiction only, Cartman does not dispute the well-pleaded factual allegations in Plaintiff's Complaint. Thus, the scope of the Court's review is limited to the Complaint.

Finally, the magistrate judge suggests that, because "Courts have tools to address the presence of a party whose citizenship would destroy diversity jurisdiction", such as Fed. R. Civ. P. 21, the Court need not "instantly dismiss the case" if subject matter jurisdiction is lacking. (Order (DE 31) at 8). This simply is not the case: "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *McCardle*, 74 U.S. at 514. Fed. R. Civ. P. 21 provides the Court with an alternative to dismissing an action in

---

[3] The magistrate judge also cites *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56 (4th Cir. 1993), which is distinguishable as a personal jurisdiction challenge. *Id.* at 59–60.

its entirety, but it does not obviate the Court's obligation under the rules to act. *Howell*, 106 F.3d at 218.

### 3. Plaintiff's subject matter jurisdiction arguments are without merit.

In opposition to the Motion, Plaintiff contends that, "[h]aving sufficiently alleged diverse citizenship as to Fullest_Disclosure, the inclusion of Cartman as a 'Doe Defendant' does not destroy diversity." (DE 23 at 8). Plaintiff cites three cases holding that § 1441(b)(1) modifies § 1332(a) to allow Doe Defendants in all cases.[4] *Macheras v. Ctr. Art Galleries--Hawaii, Inc.*, 776 F. Supp. 1436, 1439–40 (D. Haw. 1991); *W. Weber Co. v. Kosack*, No. 96 CIV. 9581 (LMM), 1997 WL 666246, at *2 (S.D.N.Y. Oct. 24, 1997); *see also Doe v. Ciolli*, 611 F. Supp. 2d 216, 220 (D. Conn. 2009) (relying upon *Macheras* and *W. Weber Co.*). However, the general removal statute only applies "[i]n determining whether a civil action is removable." 28 U.S.C. § 1441(b)(1). Had Congress intended to allow Doe pleading in all diversity cases, it would have amended § 1332(a) using the language it used in § 1441(b)(1). It did not. Thus, courts across several circuits have correctly rejected Plaintiff's argument. *See Lee*, 793 F.3d at 898–99; *Howell*, 106 F.3d at 218; *McMann*, 460 F. Supp. 2d at 264–65; *Meng*, 305 F. Supp. 2d at 55–56. This Court should as well.

The remaining cases cited by Plaintiff rely upon the Erie Doctrine to read into § 1332 state statutes that allow pleading of Doe Defendants in state court. (DE 23 at 8 (citing *Constr. Mgmt. & Dev.-Nevada, LLC v. Liberty Club Resorts, LLC,* SACV1900628JVSKESX, 2019 WL 4149437, at *3 (C.D. Cal. June 24, 2019); *Macheras*, 776 F. Supp. at 1439–40))). However, the Fourth Circuit has made clear that the Erie Doctrine (and, by extension, statutes that permit pleading of Doe defendants in state court) have no application to interpretation of § 1332, a jurisdictional

---

[4] The general removal statute provides that, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

statute. *See Gross v. Weingarten*, 217 F.3d 208, 220–21 (4th Cir. 2000); *Markham v. City of Newport News*, 292 F.2d 711, 716 (4th Cir. 1961) ("The laws of a state cannot enlarge or restrict the jurisdiction of the federal courts or those of any other state.").

In sum, Plaintiff's arguments that the citizenship of Doe Defendants is not relevant to diversity under 28 U.S.C. § 1332 are unpersuasive and should be rejected by the Court.

### 4. Cartman will challenge the sufficiency of the pleading at the appropriate time.

Because the Court plainly lacks subject matter jurisdiction over the claims against Cartman, Cartman does not, in this appeal, challenge the magistrate judge's ruling that, in analyzing the Motion, the Court must apply the motion to dismiss standard rather than the heightened standard other courts have applied. Similarly, while it is also not the subject of this appeal, the magistrate judge's ruling on whether Plaintiff actually meets this standard is erroneous.

If required, after proper service of the Complaint and with the benefit of full briefing, Cartman will file a motion to dismiss under Rules 12(b)(2) and 12(b)(6) that will set forth in detail why a) a North Carolina court cannot exercise personal jurisdiction over Cartman, and b) the Complaint, on its face, fails to state a claim for libel under New York (or any) law.

### CONCLUSION

Plaintiff, a high-profile investor with extensive financial resources, is attempting to leverage this Court's authority to chill the protected speech of his anonymous critics. But, even taking his allegations as true, his complaint belongs in a proper state court, not in a North Carolina federal court.

For the foregoing reasons, Cartman respectfully requests that the Court set aside the magistrate judge's order (DE 31), grant Cartman's motion to quash (DE 18), and dismiss all claims against Cartman for lack of subject matter jurisdiction.

Respectfully submitted this the 9th day of December, 2021.

/s/ Eric M. David
Eric M. David
N.C. State Bar No. 38118
Email: edavid@brookspierce.com
William A. Robertson
N.C. State Bar No. 53589
Email: wrobertson@brookspierce.com
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
1700 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
P.O. Box 1800 (27602)
Tel. (919) 839-0300
Fax (919) 829-0304
*Counsel for Defendant John Doe No. 3, a/k/a "Cartman_3_16"*

# CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2021, I electronically filed the foregoing document(s) with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record. I further certify that on December 9, 2021, I served the foregoing document(s) on counsel for Investorshub.com, Inc. by email, addressed as follows:

    Deanna K. Shullman
    Shullman Fugate PLLC
    dshullman@shullmanfugate.com

This the 9th day of December, 2021.

                                    /s/ William A. Robertson
                                    William A. Robertson
                                    N.C. State Bar No. 53589
                                    Email: wrobertson@brookspierce.com
                                    BROOKS, PIERCE, MCLENDON,
                                    HUMPHREY & LEONARD, LLP
                                    1700 Wells Fargo Capitol Center
                                    150 Fayetteville Street
                                    Raleigh, North Carolina 27601
                                    P.O. Box 1800 (27602)
                                    Tel. (919) 839-0300
                                    Fax (919) 829-0304
                                    *Counsel for Defendant John Doe No. 3, a/k/a "Cartman_3_16".*