IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-579-BO

TACHO M. SANDOVAL, an individual, )
    Plaintiff, )
     )
v. )   O R D E R
     )
JOHN DOE NO. 1, a/k/a )
"Fullest_Disclosure," an individual; JOHN )
DOE NO. 2, a/k/a "MoMoneyRules," an )
individual; and JOHN DOE NO. 3, a/k/a )
"Cartman_3_16," an individual, )
    Defendants. )

This cause comes before the Court on an appeal of the decision of United States Magistrate Judge Robert T. Numbers, II by defendant John Doe No. 3. [DE 35]. Plaintiff has responded and a hearing was held on the matter before the undersigned on March 4, 2022, at Elizabeth City, North Carolina. In this posture, the matter is ripe for ruling and, for the reasons that follow, the decision of the magistrate judge is reversed.

BACKGROUND

Plaintiff commenced this action by filing a complaint on November 3, 2020, against three John Doe defendants: John Doe No. 1, a/k/a Fullest_Disclosure; John Doe No. 2, a/k/a MoMoneyRules; and John Doe No. 3, a/k/a Cartman_3_16. [DE 1]. Plaintiff alleges a single claim of defamation *per se* under New York law against each defendant concerning anonymous posts by defendants on an internet message board called Investorhub.com.

Plaintiff filed the action pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff alleges that he is a citizen and resident of New York and that John Doe No. 1 is, on information and belief, a citizen and resident of North Carolina. Plaintiff alleges that he has no

knowledge regarding the identity or citizenship of John Does No. 2 and 3 and that he will amend the complaint after he confirms the identity of John Doe No. 1 and ascertains the true identities of John Does No. 2 and 3.

On December 23, 2020, plaintiff filed a motion for leave to conduct early discovery in order to ascertain the identities of the Doe defendants. [DE 12]. Plaintiff sought authority to issue subpoenas duces tecum and/or subpoenas for testimony to iHub, Verizon Communications (Yahoo), and any other individual or entity whom plaintiff determines is likely to have pertinent information regarding the Doe defendants. On January 26, 2021, Magistrate Judge Numbers granted plaintiff's motion for early discovery after finding good cause to do so. The order further contemplated that any defendant or Investorhub.com could move to quash the subpoena.

On April 9, 2021, defendant John Doe No. 3 (Cartman) appeared through counsel and moved to quash the subpoena. Cartman argued that the subpoena imposes an undue burden as it requires disclosure of information protected by his First Amendment rights, and that in order to overcome that right plaintiff must, but had not, make a *prima facie* showing of defamation by Cartman. Cartmen further argued, *inter alia*, that plaintiff had failed to allege sufficient facts demonstrating that the Court has subject matter jurisdiction over this dispute. Cartman asked to quash the subpoena directed at his information.

The magistrate judge held a hearing on the matter and subsequently filed the order that is the subject of this appeal. Magistrate Judge Numbers denied the motion to quash, holding that the complaint establishes minimal diversity between the parties and thus the Court has subject matter jurisdiction over the action, and further that plaintiff's right to pursue his defamation claim "trumps Cartman's right to anonymity." [DE 31 p. 2].

2

## DISCUSSION

The district court may review an order of a magistrate judge on a nondispositive matter and set aside or modify any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also CertusView Techs., LLC v. S & N Locating Servs.*, LLC, 107 F. Supp. 3d 500, 504 (E.D. Va. 2015) (questions of law are reviewed *de novo*). Under this Court's Local Civil Rules, a district judge may also reconsider *sua sponte* any matters decided by the magistrate judge. Local Civil Rule 72.4.

Federal courts are courts of limited jurisdiction, *Choice Hotels Int'l, Inc. v. Shiv Hosp., L.L.C.*, 491 F.3d 171, 175 (4th Cir. 2007), and whether a federal court has subject matter jurisdiction is a "threshold matter" which "is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (internal quotation and citation omitted). As noted above, plaintiff filed this action pursuant only to the Court's diversity jurisdiction. 28 U.S.C. § 1332.

"Article III requires only minimal diversity, that is, diversity of citizenship between any two parties on opposite sides of an action, regardless of whether other parties may be co-citizens." *Saadeh v. Farouki*, 107 F.3d 52, 54 (D.C. Cir. 1997). To satisfy statutory diversity pursuant to 28 U.S.C. § 1332, however, a complaint must on its face allege complete diversity, "*i.e.,* [] there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "Constitutional power is merely the first hurdle that must be overcome in determining that a federal court has jurisdiction over a particular controversy. For the jurisdiction of the federal courts is limited not only by the provisions of Art. III of the Constitution, but also by Acts of Congress." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978).

3

Thus, in order to exercise diversity jurisdiction, the parties must not only be minimally diverse in satisfaction of Article III, but also completely diverse in satisfaction of 28 U.S.C. § 1332.

It is for this reason that, subject to few exceptions, "'John Doe' defendants are not permitted in federal diversity suits." *Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997). Those exceptions include where an action has been removed from state court and where a Doe defendant is a nominal party. *Id.* There is also a third, quasi-exception which applies when the present domicile of a fugitive cannot be determined. *Id.* None of these exceptions apply to this case.

This case was not removed and it does not appear, nor has plaintiff argued, that any of the Doe defendants are nominal parties. The quasi-exception also does not apply, as that is reserved for known persons who flee in order to cause, or at least resulting in, an inability to determine their citizenship for diversity jurisdiction purposes. None of the Doe defendants in this case have been named and there is no suggestion that any of them have fled their prior domicile resulting in plaintiff's inability to discover their current citizenship.

Although the complaint on its face fails to allege that the Court has diversity jurisdiction over this matter, the magistrate judge permitted plaintiff to seek discovery so that plaintiff could learn the true identities of the Doe defendants, and thus determine whether complete diversity exists for purposes of § 1332. Specifically, the magistrate judge held that minimal diversity exists, in light of plaintiff's allegations that he is a citizen and resident of New York and John Doe No. 1 is a citizen and resident of North Carolina, and that minimal diversity is sufficient to authorize the plaintiff to engage in pre-service discovery.

A case relied upon by the magistrate judge and the parties states that the existence of minimal diversity is sufficient to permit a court to authorize pre-service discovery where the

4

Court's subject matter jurisdiction is based only on diversity, though it does so in dicta. *See Vogel v. Go Daddy Grp., Inc.*, 266 F. Supp. 3d 234, 240 (D.D.C. 2017). However, the *Vogel* court ultimately dismissed the amended complaint, which alleged claims against four Doe defendants, concluding that the jurisdictional statement as to each Doe defendant was insufficient to plausibly allege diversity jurisdiction. *Id.* Unlike in *Vogel*, plaintiff has raised a jurisdictional allegation as to only one of three Doe defendants in this case.

Moreover, this Court is persuaded that pre-service discovery is not permitted in a case such as this, where the Court's subject matter jurisdiction arises only under § 1332. Indeed, "[t]he law is clear . . . that a diversity action cannot be brought against Doe defendants in hopes of later discovering that the requisite diversity of citizenship actually exists." *Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128, 132–33 (D.D.C. 2009). And, importantly, lack of subject matter jurisdiction in federal court does not deprive plaintiff of a forum – he may "pursue any valid claims in a state court where both subject-matter and personal jurisdiction exist." *Id.* at 134.

While discovery may be permissible to establish whether in fact the parties are diverse, *see, e.g., Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (evidentiary hearing permitted to consider defendant's challenge to the jurisdictional allegations as untrue); *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018) (same), those cases that authorize jurisdictional discovery after a Rule 12(b)(1) challenge are cases in which a *prima facie* showing of jurisdiction has been made in the complaint. *See also U.S. ex rel. Vuyyuru v. Jadhav,* 555 F.3d 337, 348 (4th Cir. 2009) (court may go beyond the pleadings where "a defendant challenges the existence of subject matter jurisdiction in fact"). Here, no such showing has been made.

The Court recognizes that when confronted with this or a similar issue, some courts have adopted a "wait and see" approach to diversity jurisdiction, permitting a plaintiff to proceed against

5

Doe defendants and if it is later discovered that complete diversity does not exist, dismissing the non-diverse defendant or the case in its entirety. *See, e.g., Taylor v. Doe*, No. 1:20-CV-03398-MKV, 2021 WL 2940919, at *1 n.1 (S.D.N.Y. July 12, 2021) (adopting the "wait and see" approach); *Doe v. Ciolli*, 611 F. Supp. 2d 216, 220 (D. Conn. 2009) (same). Others have declined to do so, holding that "§ 1332 cannot be invoked where unidentified Doe defendants, integral to determining diversity jurisdiction, are named in the complaint." *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 449 (S.D.N.Y. 2014); *see also McMann v. Doe*, 460 F. Supp. 2d 259, 264 (D. Mass. 2006) (recognizing "very troubling possibility" that after ordering Doe defendant unmasked the court may discover that Doe was not diverse and it had acted without subject matter jurisdiction).

This Court declines to adopt a "wait and see" approach. Subject matter jurisdiction must be established at the time a case is filed, *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004), and the law has long been clear that a federal court may not proceed in the absence of subject matter jurisdiction, nor may it expand its own jurisdiction. *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). Although 28 U.S.C. § 1441 has been amended by Congress to prevent the inclusion of Doe defendant from destroying complete diversity for purposes of the removal statute, no similar amendment has been made to § 1332. *See Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 899 (8th Cir. 2015). Because it concerns the exercise of the Court's limited jurisdiction, the Court declines plaintiff's invitation to read into § 1332 what Congress has elected to permit only under § 1441.

## CONCLUSION

Accordingly, the Court concludes that plaintiff has failed to allege complete diversity of the parties, and as such has failed to invoke the Court's subject matter jurisdiction. The

6

authorization of pre-service discovery was therefore in error and the decision of the magistrate judge is REVERSED. This action is DISMISSED in its entirety WITHOUT PREJUDICE for lack of subject matter jurisdiction.

SO ORDERED, this _16_ day of March 2022.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE